IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TERRY L. PYLES, #34864, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-01154-SMY |
| PHIL VOSS, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terry L. Pyles, a detainee in the Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and seeks monetary damages.[1] (Doc. 1). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Phil Voss is the State's Attorney prosecuting the criminal case against Pyles, *State of Illinois v. Terry L. Pyles*, Madison County Case No. 17-CF-690. Pyles was unlawfully arrested on March 7, 2017 and charged with a crime based on evidence obtained in violation of the Fourth Amendment. He has filed two

---

[1] Plaintiff also states he is requesting "federal/state habeas corpus . . . under 28 U.S.C. § 2254(e)(1)." (Doc. 1, p. 2). A review of the Complaint along with a letter attached to the Complaint (Doc. 1-1) make it clear that his intent is to file a § 1983 claim against Defendant Voss for monetary damages. If he also seeks habeas relief, he must do so by filing a habeas petition in a separate case. The Court states no opinion on the merits of any such claim.

1

motions to suppress the evidence, but there has been no response. He is being falsely imprisoned and maliciously prosecuted without admissible evidence that would support indictment or conviction.

Based on the allegations of the Complaint, the Court designates the following single Count:

**Count 1:** **Malicious prosecution and/or false imprisonment claim against Voss for prosecuting Pyles based on evidence obtained in violation of the Fourth Amendment.**

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

The Complaint offers only conclusory statements in support of the § 1983 claim. Although courts are obligated to accept factual allegations as true, they "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F. 3d 574, 581 (7th Cir. 2009). As such, Plaintiff's conclusory allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Further, "[p]rosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). As such, Voss is entitled to absolute immunity on the claim asserted in this case.

Because the Court discerns no viable federal claim in the Complaint, and because Plaintiff's claim relates only to conduct by a prosecutor in a criminal proceeding, amendment of

the Complaint would be futile. Therefore, the Complaint and this entire action will be dismissed for failure to state a claim upon which relief may be granted. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive preliminary review under 28 U.S.C. § 1915A, and the Complaint and this entire action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's request for recruitment of counsel in the Complaint (Doc. 1) and Notice of Intention to Litigate Section 1983 Action (Doc. 9) are **DENIED** as moot.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C.

§ 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

**DATED:  April 6, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**